Naomi Alice LAWRENCE, Plaintiff
and Appellee,

v.

Michael Edward LAWRENCE,
Defendant and Appellant.

Civ. No. 880224.

Supreme Court of North Dakota.

Dec. 6, 1988.

Michael Lawrence, Grand Forks, pro se. No appearance. Submitted on briefs.

John A. Thelen, Grand Forks, for plaintiff and appellee. No appearance. Submitted on briefs.

ERICKSTAD, Chief Justice.

Michael Lawrence appeals from the district court order finding him in civil contempt for failure to pay spousal support or maintenance as ordered by that court. On appeal, Michael asserts:

1. Section 14–03–01, N.D.C.C., is unconstitutional because it takes away the right to be married or to get married under the eyes of God, and thus takes away a right or property without due process of law;

2. Section 14–05–03(8), N.D.C.C., is void for vagueness or overbroad;

3. The Final Order and Warrant of Commitment are void as not conforming to statute and due process of law; and

4. Sections 14–05–03(8) and 14–05–09.1, N.D.C.C., unconstitutionally delegate legislative power to the judicial branch.

We find the first and second issues to be frivolous and completely without merit. As to the third issue, having reviewed the record, we find nothing therein to support the contention that the final order and warrant of commitment are void or violative of due process. Further, as the order including findings is subject to Rule 52(a), N.D.R. Civ.P., we will not set it aside unless it is clearly erroneous. We do not find it to be clearly erroneous. We therefore summarily affirm the district court as to the first three issues, pursuant to Rule 35.1(a)(1) and (2) of the North Dakota Rules of Appellate Procedure.

We do not find sections 14–05–03(8) and 14–05–09.1, N.D.C.C., to be an unconstitutional delegation of legislative power to the judiciary. While we found an impermissible delegation of legislative duties in *City of Carrington v. Foster County*, 166 N.W. 2d 377 (N.D.1969), our holding was based on the determination that the duties involved were an exercise of clearly legislative discretion. Those duties required more than the finding of facts; they necessarily compelled the finding of conclusions as to the wisdom or policy of the relief sought. We do not find such a situation here. In *Trinity Medical Center v. North Dakota Board of Nursing*, 399 N.W.2d 835 (N.D.1987), we followed the modern view of the delegation doctrine which recognizes

that, in a complex area, it may be necessary and appropriate for the legislature to delegate in broad and general terms, as long as there are adequate procedural safeguards and adequate standards. We find the term "irreconcilable differences" when considered within the context and policy of Chapter 14–05, N.D.C.C., to be a reasonably clear guideline and a sufficiently definite standard to pass constitutional muster. *See County of Stutsman v. State Historical Society,* 371 N.W.2d 321 (N.D.1985).

We affirm the district court order finding Michael Lawrence in civil contempt.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.